Chief Justice Robertson,
delivered the opinion of the court.
The appellants filed a bill in chancery, to enjoin a replevin bond, for alleged usury in the original consideration. The bill alleges, that on the 22d of October, 1825, Samuel Alexander and Nathan O. Haydon, (for whom the appellants are only sureties) borrowed from Dabney Finley $2C3 21 cents, in notes of the bank of the commonwealth, *377 then greatly depreciated, and gave their note to the appellees, in consideration, thereof, for $263 21 cents, payable without interest on the 22d of May, 1827.
A depreciated beYhe subject 0f a sale on credit, When a com-lontrdct in consideration °fea°t“,“on' per was apa" loan, and the wasasaie'the onus pyobandi j^at it was a onathecom-P* But slight circum-insufficient to prove the /o^.saoti°n a
The answers admit that the consideration of the note was an advance by Dabney Finley, (agent for his co-defendants, Stoneman and Carraban;) of notes on the bank of the commonwealth. But they aver that the notes were sold; not loaned; and argue to prove that such a sale was possible, and legal, and moral.
The cause having been heard on the bill and an swer, and proof of the value of commonwealth notes at the date of the contract, the circuit court dissolved the injunction with damages,-and dismissed the bill with costs.
Does the nature of the transaction, as exhibited by the bill and answers, shew prima facie, that the contract was one of borrowing and lending?
This is a new question which has not hitherto been directly decided. A depredated currency may be the subject of sale on credit; this has been more than once decided by this court. But when one party alleges that a contract in consideration of an advance of commonwealth paper was a loan, and the other party insists that it was a serle,-on whom is the onus devolved? Such a transaction is notperse a loan; but as such a currency is frequently loaned, and but seldom sold on credit, and as loans of it may be easily disguised in the exteriorsemblance of formal Sales, and lawsagainst usury thus easily evaded, courts should incline to consider all advances of commonwealth notes on credit as loans; and should require only slight circumstances to defeat the plea of sale. But some extraneous fact or circumstance should be shewn,before a chancellor should convict a party of when he may sell, a court cannot presume that he loaned, merely because a loan is intrinsically more probable than a sale.
In this case, no interest was reserved; the note was made payable at a distant day; the value of the consideration was contingent; without any reservation of interest, the appellees might possibly have *378 sustained an eventual loss. There is no proof that Alexander and Haydon were in necessitous circumstances, or desired, or proposed to borrow; nor even that Finley was a lender; or had been in the habit of loaning to them commonwealth paper. It is scarcely probable, that the precise fractional sum of $263 21 cents would have been advanced; and the appel-lees, in their answers, profess to have forgotten the exact sum advanced, and say that “perhaps” it was as much as $>263 21 cents, as alleged in the bill. Here would be lurking evidence sufficient, when combined with the subject matter, to establish a loan without any countervailing proof,- if the bill itself had not averred, that the amount advanced was $263 21 cents.
Crittenden and Morehead for appellants; Mills and Brown for appellees.
This allegation may have been inadvertently made; and it is not improbable, that it was so made, without any personal knowledge of its truth. But as the bill alleges that the amount was $¡263 21 cents, this court would not be authorized to infer judicially, that it was less.
If, then, $263 21 cents in notes of the bank of the commonwealth were advanced, the note for the amount in specie, payable without interest, nineteen months after its date, cannot be denounced as usurious, in the absence of any other circumstance than the nature of the consideration; consequently,whatever may be suspected, a loan has not been sufficiently proved, isolated, as we are bound to consider this case.
' The decree of the circuit court must, therefore, be affirmed.